LEONARD E. MICHALAK, Plaintiff-Appellee, *v.* HERTZ TRUCK LEASING, Defendant-Appellant.

(No. 55508;

First District—June 13, 1972.

Tom L. Yates, of Chicago, (Carl E. Abrahamson, of counsel,) for appellant.

Nat P. Ozman and Joseph F. Cerveny, both of Horwitz, Anesi, Ozman & Assoc. Ltd., of Chicago, (Daria A. Garibaldi, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

The plaintiff, a truck driver, sued for injuries he sustained while driving a truck leased by his employer, Real Packing Company, from the defendant, Hertz Truck Leasing. The truck went out of control and caused a collision which resulted in personal injuries to the plaintiff. Defendant appeals from a judgment on the verdict in the amount of $50,000. The facts follow.

The rental agreement between Hertz and Real Packing required Hertz to maintain the vehicles in "good repair, mechanical condition and running order." The plaintiff took the truck into Hertz about once a month for greasing, oil changing and general checkup. At the time of the accident the truck had been driven about 45,000 miles.

On June 5, 1963, the plaintiff was driving the truck on Archer Avenue, in Chicago, headed in an easterly direction. He had just passed a C.T.A. bus at the intersection of Archer Avenue and Pitney Court, when the truck went out of control and veered to the right, colliding with the bus, and coming to rest at the curb. At the point of accident the road had a slight dip but was free of any significant debris or road defects.

■■ The plaintiff introduced evidence to show that the accident was caused by a failure of the left front leaf spring, and that this was known to defendant's mechanics who had rendered monthly checkups of the truck. There was ample testimony to support plaintiff's claim that defendant's mechanics observed a defect in the hangers, springs or shackles prior to the time of the accident. None of these records indicate that any measures were taken to correct the defect. Further, there is testi-

mony of the expert witness, Raymond Fales, that a reasonable inspection of the left front spring would have disclosed the defect.

Defendant argues that the court erred in overruling defendant's objection to hypothetical questions propounded to the witness, Fales. Defendant contends that Fales' answer was based upon facts not supported by testimony of any of the witnesses. However, the abstract indicates that the defendant did stipulate to the admission in evidence of defendant's work records, and it was upon these work records that the hypothetical question was based. The record indicates that all irrelevant facts were eliminated from the hypothetical question before the expert gave his opinion. The defendant was not prejudiced under these circumstances.

■■■ Defendant urges that the verdict was against the manifest weight of the evidence. The credibility of witnesses and the weight to be given their testimony are for the determination of the trier of fact. Such assessment of the witnesses' testimony and the evidence will not be disturbed unless that determination is palpably erroneous. We have reviewed the record and find no merit in this contention. The record also indicates that defendant's contention that the trial court erred in denying its post-trial motions because the evidence did not support the verdict, is without merit.

■■ The defendant further argues that the trial court improperly gave plaintiff's instruction 16A [Illinois Pattern Instruction 20.01, modified]. By this instruction, the court informs the jury in a clear and concise manner of the issues raised by the pleadings which have not been withdrawn or ruled out by the court and which are supported by the evidence. Defendant contends that plaintiff introduced no evidence to support this particular instruction. The instruction provided:

"The plaintiff claims he was injured and sustained damage while exercising ordinary care and that the defendant was negligent in one or more of the following respects:

Failed to make a reasonable inspection when servicing said vehicle subsequent to delivery.

Failed to observe a visible defect in the front end of said vehicle.

Failed to warn Real Packing Company, its agents and employees of a dangerous condition of said vehicle, which the defendant knew or should have known of.

· Failed to reasonably maintain the truck."

The introduction of defendant's work records and their interpretation by plaintiff's expert were sufficient in law to support the giving of this instruction.

■■ The defendant contends that a verdict in the amount of $50,000

was excessive and could have been based only upon prejudice, bias and passion since the "special" damage amounted to "only" $6,000. Compensation and damages for personal injuries do not lend themselves to precise mathematical calculation. If they did, the trier of fact could simply apply a formula based upon the special damages, and a reviewing court would only have to check the calculations of the trier of fact. However, special damages are but one of the matters to be considered.

The evidence here is that the plaintiff suffered cracked ribs, multiple fractures of the pelvic area, and a dislocated, chipped collar bone. This dislocation was reduced, and was held in position with a certain type of screw which necessitated drilling two bones and putting the screw in the bone. The evidence also shows that the plaintiff still experiences pain in the shoulder and pelvic area; that he now tires easily, has suffered a loss of motion in his left shoulder which interferes with his work, and that he has a foot-long scar on his shoulder. We find no merit in defendant's contention that the verdict was excessive. The judgment is affirmed.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.